UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASCENSION HEALTH ALLIANCE, a Missouri non-profit corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:15CV283 CDP ) |
| ASCENSION INSURANCE, INC., | ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This case arises out of the alleged infringement of plaintiff Ascension Health Alliance's trademark by defendant Ascension Insurance, Inc. Defendant seeks to have the action transferred to the Northern District of California under 28 U.S.C. § 1404(a). Because Defendant has not shown that a transfer would benefit the convenience of the parties and witnesses or promote the interests of justice, I will deny the motion to transfer.

## Background

Plaintiff Ascension Health is a nonprofit corporation organized under Missouri law, with its principal place of business in St. Louis, Missouri. It has operated since 1999 and provides Catholic and non-profit healthcare throughout the United States. These services include financial and insurance services under

the Ascension name. Plaintiff has several registered trademarks that incorporate the word "Ascension."

Defendant Ascension Insurance is a corporation organized under the laws of Delaware. Its principal place of business is now Walnut Creek, California, but at some of the relevant time periods it was based in either Kansas City, Missouri or Overland Park, Kansas. In 2007, Defendant began using the "Ascension" moniker in its insurance business.

## Discussion

Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000). The party seeking transfer is required to make a "clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1166 (E.D. Mo. 1995); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (E.D. Mo. 1985). A transfer that would merely shift the inconvenience from one party to another should not be granted. *Houk*, 613 F. Supp. at 928; *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002).

By its terms, § 1404(a) sets out three broad categories of interests that must be considered in ruling on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Int'l*, 119 F.3d at 691. Of these, convenience of the witnesses is considered a primary, if not the most important, consideration. *Biometics*, 112 F. Supp. 2d at 876; *May Dep't Stores*, 900 F. Supp. at 1165. A court is not limited, however, to just these enumerated factors. Determinations under § 1404(a) require a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l*, 119 F.3d at 691. The "myriad of factors" which may be considered include access to sources of proof, availability of compulsory process for witnesses, expenses attendant to the production of witnesses, the governing law, the possibility of delay and prejudice if a transfer is granted, and the relative advantages and obstacles to a fair trial. *May Dep't Stores*, 900 F. Supp. at 1165; *Houk*, 613 F. Supp. at 927; *Woolridge v. Beech Aircraft Corp.*, 479 F. Supp. 1041, 1057 (W.D. Mo. 1979). Various "public factors" which can be considered in the interest of justice include "the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, . . . the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 (1981). While considering all relevant factors

in the circumstances of this particular case, I turn now to the three broad categories of interests set forth in § 1404(a).

### *Convenience of the Parties*

Courts give less weight to the plaintiff's choice of forum when the operative facts occurred in another forum. *See Biometics, LLC*, 112 F. Supp. 2d at 877 ("The Court therefore gives less deference . . . than it would if . . . defendants' allegedly infringing activity was centered here."). Defendant argues that the operative events occurred in the Northern District of California because, it says, that is where it made the decision to begin its "rebranding" efforts using the Ascension name. It admits that it began using the Ascension name nationally in 2007. Plaintiff alleges that Defendant moved to California after it began using the Ascension mark and cites to a number of filings showing that Defendant had a corporate presence in Overland Park, Kansas, as recently as March 2014. *See* U.S. Patent and Trademark Office, Wordmark: A Ascension, ECF No. 28-3 (listing Overland Park as the applicant's address on filing dated March 4, 2014); *see also See* U.S. Patent and Trademark Office, Wordmark: Ascension Benefits & Insurance Solutions, ECF No. 28-2 (listing applicant's address at Kansas City, Missouri on August 14, 2012 application). On the record before me I cannot say that all the operative facts took place in California.

Each side argues that its documentary and physical evidence is located in its desired forum. As a result, this consideration is neutral, and in any event, I expect that much of the documentary evidence is stored electronically.

Defendant believes that transfer would be more convenient because of its presence in California and because Plaintiff has affiliate hospitals in that state. However, the existing presumption in favor of the plaintiff's choice of forum is given greater weight when the plaintiff is a resident of the forum in which suit is brought. *Waterway Gas & Wash Co. v. OneBeacon Am. Ins. Co.*, No. 4:09-CV-2121 (CEJ), 2010 WL 3724854, at *2 (E.D. Mo. Sept. 16, 2010) (citing *Houk*, 613 F. Supp. at 927). In this case, the convenience of the parties remains in favor of Plaintiff, which maintains its principal place of business in this forum.

### *Interests of Justice*

Next, I gauge whether considerations of justice and fairness favor a transfer to the Northern District of California. Both potential venues are equally capable of applying federal trademark law, and so this factor remains neutral. Defendant argues that because it is based in California, that state has a strong interest in deciding the matter. However, the state where the intellectual property owner is located typically has a great interest in adjudicating an intellectual property dispute. *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 958 (E.D. Mo. 2001) (evaluating issue in context of personal jurisdiction). Plaintiff is located in

Missouri and owns the trademark that is the subject of this infringement action, and so this factor disfavors transfer.

*Convenience of the Witnesses*

Finally, I turn to the convenience of the witnesses. As noted previously, convenience of the witnesses is a "primary, if not the most important" consideration when ruling on a motion to transfer venue. *Biometics*, 112 F. Supp. 2d at 876; *May Dep't Stores*, 900 F. Supp. at 1165. "[S]heer numbers of witnesses will not decide which way the convenience factor tips." *Terra Int'l*, 119 F.3d at 696.

Defendant identifies in its reply brief a list of potential non-party witnesses who are California residents. Though it is possible that these potential witnesses are highly important to Defendant's case, Defendant has made no showing that any of these witnesses will not testify in Missouri. Although Defendant notes that some of its customer-witnesses have agreed to testify, it protests that "it will be extremely difficult for Defendant to ask its customers to travel to Missouri to testify." Notably, Defendant does not state whether it has actually asked any witness whether she would be willing to testify in Missouri.

Even assuming that some or all of these nonparty witnesses are essential to the resolution of this dispute,[1] Defendant has not made any showing that its

---

[1] Defendant's own filings place this proposition into doubt. Defendant claims that it is imperative that its customers testify, but Defendant also states that it does some business in the Eastern District of Missouri. Edward Nathan Page Decl., ECF No. 19-1 at ¶ 11 ("Although

witnesses could not be made available by deposition or other means.² This failure weighs against transfer. *Cf. Maritz Inc. v. C/Base, Inc.*, No. 4:06-CV-761 CAS, 2007 WL 6893019, at *12-13 (E.D. Mo. Feb. 7, 2007).

The Court acknowledges that non-party witnesses would be inconvenienced if they have to travel. However, the specter of this inconvenience is not sufficient to override the other considerations of the Court. As noted above, the party seeking transfer must overcome a heavy burden. *See May Dep't Stores*, 900 F. Supp. at 1166. Defendant has not met that burden.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ascension Insurance's motion to transfer [# 18] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2015.

---

[Defendant]'s products and services are sold throughout the United States, less than 1% of sales occurred in the Eastern District of Missouri."). Defendant has not said whether its local customers are unavailable to testify on its behalf. Defendant also claims that third-party marketing individuals are essential to its case. However, in its Answers to Interrogatories, Defendant stated that its own employees are primarily responsible for marketing, advertising, and promotion of all products or services offered under its Marks. Registrant's Resp. to Pet'rs' 1st Interrogs., ECF No. 28-5 at p.6 & ¶ 7.

² This Court has had some success with the appearance of a witness at trial by video conference.